**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-4380**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE ISSAC HEMINGWAY, a/k/a Mario,

Defendant - Appellant.

—————————

**No. 24-4403**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE ISSAC HEMINGWAY, a/k/a Maurice Hemmingway, a/k/a Mario,

Defendant - Appellant.

—————————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh and Wilmington.  James C. Dever III, District Judge.  (5:24-cr-00087-D-1; 7:20-cr-00180-D-1)

—————————

Submitted:  May 22, 2025                                Decided:  May 27, 2025

—————————

Before KING, AGEE, and WYNN, Circuit Judges.

———————————————

No. 24-4380, dismissed in part and affirmed in part; No. 24-4430, affirmed by unpublished per curiam opinion.

———————————————

**ON BRIEF:** Thomas Reston Wilson, GREENE WILSON CROW & SMITH, PA, New Bern, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated cases, Maurice Issac Hemingway appeals his convictions and the 204-month upward departure sentence imposed after he pled guilty to possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("criminal case"), as well as the revocation of Hemingway's supervised release and the resulting 60-month revocation sentence ("revocation case"). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no nonfrivolous issues for appeal, but raising multiple possible issues for review. The Government moves to dismiss Appeal No. 24-4380 based on the appellate waiver in Hemingway's plea agreement but declined to file a response brief in the appeals. Hemingway has filed a pro se supplemental brief, asserting, in part, that his appellate waiver was unknowing and involuntary. After conducting our review in accordance with *Anders*, we dismiss in part and affirm in part in Appeal No. 24-4380, and affirm in Appeal No. 24-4403.

We first conclude that Hemingway has waived his right to appeal in the criminal case. As we have explained, a defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). "We review the validity of an appeal waiver de novo," *United States v. Smith*, 134 F.4th 248, 255 (4th Cir. 2025), and will enforce the waiver if it is valid and the issue appealed is within the scope thereof, *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

3

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Based on the totality of circumstances in this case, we conclude that Hemingway knowingly and voluntarily entered his guilty plea and understood the waiver, through which Hemingway waived his right to challenge his convictions and whatever sentence was imposed on any ground. We therefore grant the Government's motion and dismiss Appeal No. 24-4380 in part as to all issues within the scope of the appellate waiver. And, in accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues falling outside the scope of the broad appellate waiver and have found none. We therefore affirm in part the district court's judgment in the criminal case.

Regarding the revocation case, we have held that "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal.

4

*United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).  In determining whether a revocation sentence is plainly unreasonable, this court assesses it for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence.  *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

A revocation sentence is procedurally reasonable if the district court has considered both the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors it is permitted to consider in the revocation context.  *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40.  The district court must also provide an explanation for the chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence.  *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).  A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed.  *Crudup*, 461 F.3d at 440.  Only if we find a sentence unreasonable must we decide whether it is "plainly" so.  *Id.* at 439.  Applying these principles here, we conclude that the revocation sentence is not plainly unreasonable.

In accordance with *Anders*, we have reviewed the records in these cases and have found no meritorious issues for appeal.[*]  We therefore grant the Government's motion to dismiss in Appeal No. 24-4380 as to any issues within the scope of Hemingway's appellate

---

[*] We have considered the arguments Hemingway raises in his pro se supplemental brief and find them to be meritless.

5

waiver and affirm the remainder of the criminal judgment. As to Appeal No. 24-4403, we affirm the district court's judgment revoking Hemingway's supervised release and imposing a 60-month sentence. This court requires that counsel inform Hemingway, in writing, of the right to petition the Supreme Court of the United States for further review. If Hemingway requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hemingway.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 24-4380, *DISMISSED IN PART & AFFIRMED IN PART*;
No. 24-4403, *AFFIRMED*

6